ADANTE D. POINTER, ESQ., 236229
PATRICK M. BUELNA, ESQ., SBN 317043
POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Suite 1140,
Oakland, CA 94612
Tel: 510-929-5400
Email: APointer@LawyersFTP.com
Email: PBuelna@LawyersFTP.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN KYLCE, an individual;<br><br>Plaintiff,<br><br>v.<br><br>MARIN COUNTY, a municipal corporation; JOSHUA HAMILTON, in his individual capacity and as a Central Marin Police Officer; KEVIN SINNOTT, in his individual capacity and as a Central Marin Police Officer; and DOES 1-50, inclusive.<br><br>Defendants. | Case No.: 3:21-cv-2889<br><br><u>COMPLAINT FOR DAMAGES</u><br>(42 U.S.C. § 1983)<br><br><u>JURY TRIAL DEMANDED</u> |

## INTRODUCTION

1. This case arises out of the unprovoked physical attack of 60-year-old, physically disabled Kevin Klyce by Central Marin Police Officers, as he was simply trying to do his job as a pizza delivery driver. While Mr. Klyce was leaving a residence after completing a delivery, Officers Joshua Hamilton and Kevin Sinnott approached, assaulted, and arrested Mr. Klyce as if he were a criminal.

2. Mr. Klyce, who has Cerebral Palsy, a neurological disorder causing difficulties in body movement, muscle coordination, and balance, had a visible limp as he walked back to his vehicle to put away his pizza delivery bag. Without asking any questions, the two officers shouted orders at Mr. Klyce, and he complied.

3. Although Mr. Klyce had committed no crime, had no weapons, posed no threat and had complied, Officer Kevin Sinnott conducted a leg sweep to an already unstable Mr. Klyce, sending him headfirst into the ground with no way of breaking his fall.

4. As a result of the officers' actions, Mr. Klyce suffered spinal, head, hand, shoulder, and knee injuries.



POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140 Oakland, CA 94612
Tel: (510) 929 - 5400

## JURISDICTION

5. This action arises under Title 42 of the United States Code, §1983. The unlawful acts and practices alleged herein occurred in the City of Greenbrae, in Marin County, California, which is within this judicial district. Title 28 of the United States Code §1391(b) confers venue upon this Court.

## PARTIES

6. Plaintiff KEVIN KYLCE (hereinafter "Plaintiff") is a competent adult, a resident of Greenbrae, California, and a citizen of the United States.

7. Defendant COUNTY OF MARIN (hereinafter "COUNTY") is a municipal public entity duly authorized and existing as such in and under the laws of the State of California that manages and operates the CENTRAL MARIN POLICE AUTHORITY and the involved Defendant Officers.

8. Defendant JOSHUA HAMILTON (hereinafter "HAMILTON") is a natural person, being sued in his individual capacity and as a Central Marin Police Officer.

9. Defendant KEVIN SINNOTT (hereinafter "SINNOTT") is a natural person, being sued in his individual capacity as a Central Marin Police Officer.

10. Plaintiff is ignorant of the true names and/or capacities of Defendants sued herein as DOES 1 through 50, inclusive, and therefore sue said Defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities when ascertained. Plaintiff believes and alleges that each of the DOE Defendants is legally responsible and liable for the incident, injuries, and damages hereinafter set forth. Each Defendant proximately caused injuries and damages because of his/her negligence, breach of duty, negligent supervision,

management or control, and violation of public policy. Each Defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care, or control or upon any other act or omission. Plaintiff will ask leave to amend this complaint subject to further discovery.

11. In doing the acts alleged herein, Defendants, and each of them, acted within the course and scope of their employment for the CENTRAL MARIN POLICE AUTHORITY.

12. Due to the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under color of law.

13. Due to the acts and/or omissions alleged herein, Defendants, and each of them, act as the agent, servant, and employee and/or concert with each of said other Defendants herein.

### FACTUAL ALLEGATIONS

14. On the evening of September 18, 2019, Kevin Klyce making a delivery for Mountain Mikes' Pizza to Mr. Zachary Fong near 95 Corte Amado, Greenbrae, California. Mr. Kylce knocked on Mr. Fong's door several times. When no one answered, he walked around the side of the house in an attempt to get the resident's attention. Mr. Fong eventually responded to the door, and received his pizza from Mr. Klyce. Mr. Klyce walked back to his car and went to place his delivery bag back into the car.

15. Defendants Joshua Hamilton and Kevin Sinnott were responding to a 911 call regarding a possible break-in, when they saw Mr. Klyce walking back to his car with a very pronounced limp and a pizza delivery bag.

16. Officer Sinnott immediately exited his vehicle, drew his firearm, and yelled for Mr. Klyce to lay face down on the ground.  Despite this action being difficult for someone with

Cerebral Palsy, Mr. Klyce complied. Officer Sinnott then instructed Mr. Klyce to turn around, put his hands up, and walk backwards towards him. Again, Mr. Klyce complied with Officer Sinnott's commands despite his physical limitations and explained the suffered from a disability.

17. Upon making his way to Officers Sinnott and Hamilton Officer Sinnott inexplicably decided to conduct a dangerous leg sweep on Mr. Klyce, sending him uncontrolled, face-first into the concrete, cutting his head open.

18. Despite Mr. Klyce's injury and compliance, Officer Hamilton jammed his knee into Mr. Klyce's back, injuring his spine.

19. As a result of Central Marin Police Authority Defendant Officers Hamilton and Sinnott's excessive force, Plaintiff Mr. Klyce suffered spinal, head, hand, shoulder, and knee injuries.

20. The officers' use of excessive force exacerbated Mr. Klyce's existing physical disabilities, and he now relies on a walker to get around.

## DAMAGES

21. As a consequence of Defendants' violations of Plaintiffs' federal civil rights under 42 U.S.C. §1983 and the Fourth Amendment, Plaintiff was physically, mentally, emotionally, and financially injured and damaged as a proximate result of Defendants' wrongful conduct.

22. Plaintiff found it necessary to engage the services of private counsel to vindicate their rights under the law. Plaintiff is therefore entitled to an award of attorneys' fees and/or costs pursuant to statute(s) in the event that they are the prevailing parties in this action under 42 U.S.C. §§ 1983 and 1988. Plaintiff is also entitled to punitive damages under 42 U.S.C. §§ 1983 and 1988.

## CAUSES OF ACTION

**FIRST CAUSE OF ACTION**
**(Fourth Amendment – Excessive Force under 42 U.S.C. § 1983)**
*(PLAINTIFF against HAMILTON, SINNOTT and DOES 1-50)*

23. Plaintiff hereby re-alleges and incorporates by reference each and every paragraph of this Complaint.

24. When Defendant SINNOTT and HAMILTON attacked and injured Mr. Klyce with no reason, legal justification, or threat, the officers used unreasonable force, depriving Mr. Klyce of his right to be secure in his person against unreasonable searches and seizures as granted to Mr. Klyce under the Fourth Amendment of the United States Constitution.  Moreover, Mr. Klyce was unarmed and complying with the orders of Defendants SINNOTT and HAMILTON at the time, and none of his behavior warranted violence or force.  Mr. Klyce did not pose any threat or use any force against Defendants SINNOTT and HAMILTON.

25. Defendants SINNOTT and HAMILTON did not have a lawful basis to use force against Mr. Klyce, which is in violation of their training and Mr. Klyce's constitutional rights under the Fourth Amendment.

26. As a result of misconduct, Defendants SINNOTT and HAMILTON are liable for Mr. Klyce's injuries.

WHEREFORE, Plaintiff prays for relief as herein set forth.

**SECOND CAUSE OF ACTION**
**(Fourth Amendment – Unlawful Seizure under 42 U.S.C. § 1983)**
*(PLAINTIFF against HAMILTON, SINNOTT and DOES 1-50)*

27. Plaintiff hereby re-alleges and incorporates by reference each and every paragraph of this Complaint.

28. When Defendant arrested Plaintiff, he had no probable cause.  Furthermore, Plaintiff had not committed any crimes.  Therefore, Defendants' use of force and arrest of Plaintiff was

an unlawful seizure that violated both their training and Plaintiff's constitutional rights under the Fourth Amendment.

29. As a result of their misconduct, Defendant officer is liable for Plaintiff's injury and imprisonment.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION
**(Violation of the Title II of the Americans with Disabilities Act 42 U.S.C. section 12132)**
*(PLAINTIFF against COUNTY OF MARIN, CENTRAL MARIN POLICE AUTHORITY, and DOES 1-50)*

30. Plaintiff hereby re-alleges and incorporates by reference each and every paragraph of this Complaint.

31. Against Defendant COUNTY, and or DOES 26-50 in their capacity as official policy-maker(s) for the COUNTY OF MARIN, Plaintiff further alleges that said defendants and yet-to-be-identified Does failed to train, supervise, and/or discipline Defendants and DOES 1 – 25: in recognizing symptoms of Cerebral Palsy or similar neurological disorders and disabilities affecting one's movement and/or muscle control under Title II of the Americans With Disabilities Act and from excluding qualified individuals, such as Kevin Klyce, from participating in or denying benefits and services provided by Defendant COUNTY; or from otherwise discriminating against such qualified individuals with symptoms of disability recognized under Title II of the Americans with Disabilities Act, resulting in the use of excessive force against Plaintiff, during the course of the subject incident.

32. As against Defendants and DOES 1-25, at the time Defendants and DOES 1-25 made contact with Plaintiff, they knew him to have a pronounced limp, an apparent physical

disability.  Yet, these Defendants and DOES 1-25 decided to escalate immediately to use excessive force against him, rather than make any reasonable accommodation in taking him into custody or using de-escalation techniques, verbal commands to conduct the stop without injury Plaintiff whose disability severely limited his ability to comply with commands as swiftly as Defendants wished.

33. The aforementioned conduct of Defendants and DOES 1-25, in their use of force, discriminated against Plaintiff by reason of his recognized disability.

## JURY DEMAND

34. Plaintiff hereby demands a jury trial in this action.

## PRAYER

Wherefore, Plaintiff prays for relief, as follows:

1. For general damages in a sum to be proven at trial;
2. For special damages, included but not limited to, past, present, and/or future wage loss, income and support, medical expenses, and other special damages in a sum to be determined in according to proof.
3. For punitive damages against HAMILTON, SINNOTT and DOES 1-50 in a sum according to proof;
4. For reasonable attorney's fees pursuant to 42 U.S.C. §1988;, and as otherwise may be allowed by federal law;
5. For cost of suit herein incurred; and
6. For such other and further relief as the Court deems just and proper.

/

Date: April 21, 2021                    Respectfully submitted,

                                         **POINTER & BUELNA, LLP**
                                         **LAWYERS FOR THE PEOPLE**

                                         /s/ Patrick M. Buelna
                                         _____
                                         PATRICK M. BUELNA
                                         ADANTE D. POINTER
                                         COUNSEL FOR PLAINTIFF

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140 Oakland, CA 94612
Tel: (510) 929 - 5400